**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**VIVEK SHAH,**
Reg # 43205-424                                                                                          **PLAINTIFF**

V.                              CASE NO. 4:15-CV-00161 SWW/BD

USA                                                                                                                **DEFENDANT**

**RECOMMENDED DISPOSITION**

I.   **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, you may waive any right to appeal questions of fact. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

II.   **Introduction:**

Plaintiff Vivek Shah, an inmate in the Bureau of Prisons's ("BOP") Federal Correctional Institution - Forrest City ("FCC-FC"), filed this case *pro se* under the Federal Tort Claims Act. Mr. Shah claims staff at FCC-FC were negligent for refusing to provide him soap, toothpaste, razors, writing paper, and envelopes from December 12, 2014 to January 8, 2015. (#2 at p. 8) Defendant, United States of America, has moved for summary judgment. (#10) Mr. Shah has responded to the motion. (#15, #21) For

the reasons set forth below, Defendant's motion for summary judgment should be GRANTED.

## III. Factual Background:

The facts in this case are not in dispute. FCC-FC has a policy to provide hygiene items and stationary to inmates on a monthly basis. Distributions are made on Fridays. On the first Friday of the first full week of the month, inmates whose register numbers end in 00 to 25 may pick up their hygiene items and stationary. Mr. Shah's register number is 43205-424; therefore, he is eligible to pick up his items on the first Friday of the first full week of the month.

For December, 2014, FCC-FC determined the first Friday of the first full week of the month began on December 1 and, therefore, that distributions for inmates with register numbers ending with 00 to 25 would occur on Friday, December 5, 2014.

Mr. Shah calculated the "first Friday of the first full week" of December, 2014 as December 12. FCC-FC staff refused to distribute hygiene and stationary items to Mr. Shah on December 12, 2014, so consequently, Mr. Shah was without toothpaste, razors, writing paper, and envelopes from December 12, 2014 until January 8, 2015. (#2 at p. 8)

## IV. Discussion:

A. Standard

Summary judgment is proper when the facts important to the outcome of a lawsuit are not in dispute and one party is entitled to judgment without the need for a trial. FED.

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

  B. Federal Tort Claims Act

  Generally, federal courts lack jurisdiction to hear claims against the United States because of sovereign immunity. *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006). Under the Federal Tort Claims Act ("the Act"), however, the federal government waives the immunity in certain tort suits by providing that the United States will be liable, "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Under the Act, the law of the state where the alleged tort occurred controls. *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 743 (8th Cir. 2009). The question here is whether the conduct of FCI-FC's staff would afford a private individual, under like circumstances, a cause of action under Arkansas law.[1] *Barnes*, 448 F.3d at 1067.

  Mr. Shah maintains that FCI-FC staff breached a general duty of care that the BOP owes to inmates. (#2 at p. 8) In support, he points to title 18 U.S.C. § 4042(a)(2), which provides that the BOP must, "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." In addition, Mr. Shah cites federal regulations that require the BOP to supply prisoners with certain personal items. (#2 at p. 8) Specifically, federal regulations

---

[1]The parties agree that the alleged negligence in this case occurred in Arkansas.

require that, "[t]he Warden . . . make available to an inmate those articles necessary for maintaining personal hygiene" (28 C.F.R. § 551.6) and that inmates be provided writing paper and envelopes at no cost (28 C.F.R. § 540.21(b)).

Mr. Shah's reliance on the federal statute and regulations is misplaced. A private individual or entity, in similar circumstances, would not be liable to him under Arkansas law. To maintain a claim under the Act, he must establish that the State of Arkansas imposes a duty on a private individual or private entity to provide him hygiene items, writing paper, and envelopes, and he has not met this burden. See *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (affirming dismissal of action filed under the Act where Missouri law imposed no duty to inspect and advise even though federal regulation imposed such a duty). Accordingly, the federal government violated no state-law duty it owed to Mr. Shah, and his claim should be dismissed.

Even if the federal government owed Mr. Shah a duty, he has not alleged the kind of injury required to prevail in a suit against the government. The Act specifically bars a prisoner incarcerated for a felony conviction from bringing a lawsuit against the federal government, "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 28 U.S.C. § 1346(b)(2).

Mr. Shah alleges only that he suffered "pain of mind and body" as a result of his lack of hygiene items, writing paper, and envelopes. In his response to the motion for summary judgment, he did not allege that he had suffered physical injury; nor did he

allege a sexual act.² Furthermore, he has not come forward with any evidence of a physical injury so as to pursue a claim under the Act. See *Sublet v. Million*, 451 F. Appx 458, 459 (5th Cir. 2011) (minor physical injury is not sufficient to sustain claim under the Act); *Michtavi v. United States*, 345 F. Appx 727, 729-30 (3d Cir. 2009) (claims of mental and emotional distress are not sufficient to establish injury under the Act).

V.  **Conclusion:**

The Court recommends that Defendant's motion for summary judgment (#10) be GRANTED. Mr. Shah's claim should be DISMISSED, with prejudice.

DATED this 14th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

² In his response to the motion for summary judgment (#15) and in his sur-reply (#21), Mr. Shah argues that 28 U.S.C. § 1346(b)(2) is unconstitutional because it impinges on his first amendment right to access the courts. (#15 at pp. 2-4, #21 at pp. 2-3) Mr. Shah did not state a first amendment claim in his complaint and there is no indication that his lack of paper and envelopes for a brief period affected his ability to access the courts.